Chief Justice Boyle
delivered the Opinion of the Court.
This was an action of covenant, brought by Bruce against the Halberts, on the same article of agreement which is stated in the case already decided, between the same parties,' but the breach alleged in this action is in the non payment of salt, which the Halberts had covenanted to pay to Bruce, in the proportion and at the times mentioned in the leases referred to by the .article of agreement on which the suit was brought.
The Halberts plcadod, as they did in the other action, covenants performed, witli leave to give in evidence any matter which they, or either of them, might have specially pleaded in bar of the action.
On the trial of the issue joined upon this plea, after Bruce had read in evidence the article of agreement on which the action was founded, and -the leases therein referred to, the Halberts produced and read in evidence an article of agreement, executed by them and Bruce, bearing date the 13th of December, 1817, whereby it was witnessed, that the said H. &N. Halbert had this day agreed “ that the said G. W. Bruce may surrender and 44 give up the lease taken by the said Bruce anti £i William Montgomery, of Valentine Peers, as “■agent for H. Carter, attheLittle Sandy Salt works, “ which lease was sold by G. W. Bruce, to the said 44 H. & N. Halbert, and all matters and stipulations “in said agreement of sale from G. W. Bruce to 44 H. & N. Halbert, are not to be effected by this 44 agreement, but all mafeej's, facts and stipulations 44 in and respecting said agreement of sale aforesaid, 44 to be decided as though the full term of said lease 44 was expired.” The article then concludes with a further agreement, that all claims &c. respecting said agreement of sale, should be pleaded, and decided in a suit then depending, which Bruce had brought against the Halberts. This being all the *67 evidence, the circuit court, at the instance of the Halberts, instructed the jury—
Instructions aa^t,excei>'
An ag-rcement in wri-' between assignee, of a term for •J,ea.rs’tliat T. pe surrendered, and the t^ns^respecting the ajga®e° should be decided as though the ^ral, is in*' effect'a relaase of. the ^hichassignee was bound to astenrards°ao-' crue.
Nosetformof nossarySto°a release ¡covenant never ^«effect*
“ That the said last mentioned agreement was a “dissolution or rescisión of the agreement to pay “ rent from its date, and that the plaintiff could- “ not in this action receive any rent after that period.” To the giving this instruction, Bruce excepted, and a verdict and judgment having been rendered against him, he has brought the case to this court, and seeks for a reversal of the judgment, on the ground of the supposed error of the circuit court in giving the instruction to the jury.
The agreement relied on by the Halberts, as a bar to Bruce’s recovery, would not, under the plea of covenants performed, have been admissible evidence, but under the leave to give any special matter in evidence, they might with propriety avail themselves of it, if in law it would operate as a bar to the action. The agreement is very inartificially drawn, but it was most obviously the intention of the parties, while they reserved the force and effect of the agreement of sale, in other respects, to put an and to the lease, and thereby to discharge the Halberts from the payments which were thereafter to accrue in the nature of rents. This intention is evinced, not only by the agreement that the lease should bo surrendered, but by the further agreement that the “ matters, facts, and stipulations in, and respecting said agreement of sale, should be decided as though the full term of said lease had expired.” Assuming this to be the intention of the parties in making the agreement, there can be no doubt that it must operate as a re-release of the covenant on the part of the Halberts, iio pay such rents as would thereafter have accrued,
It is true there is none of the usual words of a release contained in the agreement; but there is no particular words or phrases necessary to create a release. Any words which shew the intention of ihe parties, will he sufficient for that purpose. Even a covenant never to sue for a debt, is held to be a release of the debt. 2 Saund. Rep. 48, pote 1.150, note 2.
Bibb and Triplett for plaintiff.
As a release, the agreement was therefore a bar to the recovery of rents thereafter accruing, and the action haying been brought for the failure to pay such rents only, the court below was correct in the instruction given to the jury.
The judgment must bo affirmed with cost.